IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VERNIE WAYNE McDANIEL, #1194113,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1673-L |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Following his plea of not guilty, a jury found Petitioner guilty of aggravated robbery in the 203rd District Court of Dallas County, Texas, in cause no. F02-54363-P. (Petition (Pet.) at 2). Punishment was assessed at twenty-two years imprisonment. (*Id.*). The Court of Appeals affirmed the conviction on direct appeal. *State v. McDaniel*, No. 05-03-01409-

CR (Tex. App. -- Dallas June 28, 2004, no pet).[1]  On July 16, 2004, Petitioner filed a petition for rehearing which the Fifth Court of Appeals denied on August 10, 2004.  *Id.*

On January 4, 2005, Petitioner filed an application for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure.  *See Exparte McDaniel*, No. W02-54363, Judicial Information available at http://www.dallascounty.org/pars2/criminal?select5=02&radio1=ji55 _details&CASE_NUMBER=W-0254363-A&CASE_LNAME=MCDANIEL%20VERNIE%20 WAYNE&RECNO=02.  The Texas Court of Criminal Appeals denied the application without written order on September 14, 2005.  *Ex parte McDaniel*, No. WR-7,508-08, http://www.cca. courts.state.tx.us/opinions/Case.asp?FilingID=232793 (Docket Sheet information generated from the Texas Judiciary Online – Court of Criminal Appeals, January 23, 2007).

On September 13, 2006, this Court received the instant federal habeas corpus petition.  In three grounds of error, Petitioner asserts the evidence was insufficient, and he was denied the effective assistance of trial counsel.[2]  (Pet. at 1).

<u>Findings and Conclusions</u>:  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  <u>See</u> 28 U.S.C. § 2244(d).  The District Court may raise the affirmative defense of the statute of limitations *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see*

---

[1]  The docket sheet of Petitioner's direct appeal is available at http://www.courtstuff.com/FILES/05/03/05031409.HTM.

[2]  For purposes of this recommendation, the petition is deemed filed on September 11, 2006, the date Petitioner concedes mailing it to this court. (Pet's Response to Show Cause Ord. at 1). *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

*also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[3]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief became known or could have become known prior to the date Petitioner's state judgment of conviction became final.  Thus, the Court will calculate the one-year statute of limitations from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking

---

[3]  On September 18, 2006, the Court issued an order to show cause, advising Petitioner of the one-year statute of limitations and granting him an opportunity to explain why his case was not barred by the limitation period or why the statute of limitations should be tolled on equitable grounds.  Petitioner filed his response to the court's show cause order on October 17, 2006.  Thereafter, the Magistrate Judge issued a questionnaire requiring Petitioner to address claims raised for the first time in response to the show cause order.  On November 15, 2006, Petitioner filed his answers to the questionnaire.

such review. *See* 28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final at the very latest on September 9, 2004, thirty days after the Court of Appeals denied his motion for rehearing. *See* Tex. R. App. P. 49.1 (a motion for rehearing must be filed within ten days of the judgment or order); Tex. R. App. P. 68.2(a) (a petition for discretionary review must be filed within thirty days of judgment or order denying a timely motion for rehearing). The one-year period began to run on September 10, 2004, the day after Petitioner's conviction became final. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). As of January 5, 2005, the date on which Petitioner filed his art. 11.07 application, 116 days of the one-year limitation period had elapsed. The state application remained pending until its denial on September 14, 2005, during which time the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998). The one-year period resumed running on September 15, 2005, and expired 249 days later on May 22, 2006 – 112 days before Petitioner can be deemed to have filed the federal petition in this case on September 11, 2006. Therefore, the federal petition is time barred unless the one-year statute of limitations is tolled on equitable grounds.[4]

In response to the Court's order to show cause, Petitioner alleges that his conviction became final on November 1, 2004, the date on which the Court of Appeals issued a mandate.

---

[4] Insofar as Petitioner urges the Court to find his state application filed as of the date he placed it in the prison mail system, on or about December 27, 2004 (eight days before the Dallas District Clerk filed the same), his claim is meritless. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (declining "to extend the mailbox rule to the determination of filing dates for state habeas applications . . . ." and noting that the proper inquiry is "whether the prisoner is entitled to equitable tolling"). Moreover, as set out more fully below, Petitioner is not entitled to equitable tolling.

Case 3:06-cv-01673-L   Document 8   Filed 01/24/07   Page 5 of 7   PageID 50

(Pet's Response at 1).  The Fifth Circuit has held that issuance of a mandate does not determine when a conviction becomes final for purposes of the AEDPA one-year limitation period.  *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).

Next, Petitioner asserts that his federal petition is timely because it was mailed on September 11, 2006, within one year of the denial of his 11.07 writ on September 14, 2005.  His contention that the one-year period did not commence until the conclusion of state post-conviction review is wholly baseless.  *See Harris v. Hutchinson*, 209 F.3d 325, 327-328 (4th Cir. 2000); *McCoy v. Cockrell*, 2002 WL 1575692, *2-3, 3:02cv798-G (N.D. Tex., Dallas Div., July 15, 2002) (adopting recommendation of magistrate Judge).  The AEDPA provides that the one-year period, within which to file a federal habeas petition, commences upon the conclusion of *direct review* of a judgment of conviction.  28 U.S.C. § 2244(d)(1)(A).  The running of the one-year period is suspended while state post-conviction proceedings are *pending* in any state court.  28 U.S.C. § 2244(d)(2).  The Fifth Circuit, as well as every other circuit that has construed § 2244(d), has interpreted it in this way.  *See Fields,* 159 F.3d at 916.

Insofar as Petitioner relies on equitable tolling, his claim fares no better.  Equitable tolling is available only in "rare and exceptional circumstances."  *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998).  "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."  *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).  Moreover, "for equitable tolling to apply, the applicant must diligently pursue ... relief."  *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000).

In answer to the Magistrate Judge's questionnaire, Petitioner alleges, for the first time, that he did not learn of the denial of his motion for rehearing until November 9, 2004, when the Clerk of the Fifth District Court of Appeals sent him a letter indicating that his motion for rehearing had been denied on August 10, 2004, and that a mandate had issued on November 1, 2004. (Answer to Question 1 and attachments thereto).

Even if the Court equitably tolls the limitation period from September 10 until November 9, 2004, -- when Petitioner first learned of the denial of his motion for rehearing -- the federal petition would still be untimely. Petitioner waited 56 days from the latter date to file his art. 11.07 writ. Following the denial of his art. 11.07 writ on September 14, 2005, he waited almost one full year before he mailed this federal petition on September 11, 2006. (Pet's Response to Show Cause Ord. at 1). While prison guards purportedly destroyed the initial draft of his federal petition during a shake down in mid August 2006, this does not excuse Petitioner's dilatory conduct during the previous eleven months. Petitioner provides no explanation whatsoever for the eleven-month delay in drafting his federal petition. Such unexplained delay does not make the circumstances of this case extraordinary enough to qualify for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (unexplained six-month delay after the state court denied the state petition rendered the circumstances of that case "not extraordinary enough to qualify for equitable tolling under § 2244(d)(1)"). "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Therefore, Petitioner is not entitled to equitable tolling.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS with prejudice the petition for writ of habeas corpus as barred by the one-year limitation period. See 28 U.S.C. § 2244(d).

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 24th day of January, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.